William Anthony BROWN,
Plaintiff-Appellant,

v.

William F. SMITH, former United States Attorney General; Edwin Meese, Current United States Attorney General; Benjamin F. Beer, Chairman United States Parole Commission; Norman A. Carlson, Director Bureau of Prisons; George C. Wilkinson, Regional Director Bureau of Prisons-North Central Region; Jerry A. O'Brien, former Warden, U.S.P., Leavenworth; Clair A. Cripe, General Counsel Bureau of Prisons: W. Scott, Chief Correctional Supervisor, Federal Penitentiary; L. Revella, Case Manager Specialist Federal Penitentiary; L. Lockwood, Foreman Unicor Federal Penitentiary; R. Simpson, Unit Manager Federal Penitentiary; Jerry Kelch, Correctional Counselor Federal Penitentiary; K. Sasek, Correctional Supervisor Federal Penitentiary; and N.W. Smith, former Correctional Supervisor Leavenworth Federal Penitentiary, Defendants-Appellees.

No. 85–2493.

United States Court of Appeals,
Tenth Circuit.

Sept. 18, 1987.

William Anthony Brown, pro se.

Benjamin Burgess, Jr., U.S. Atty., Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendants-appellees.

Before MOORE and SETH, Circuit Judges, and ALLEY, District Judge.[*]

PER CURIAM.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir. R. 34.1.8(c) and 27.-1.2. The cause is therefore ordered submitted without oral argument.

The plaintiff is a federal prisoner incarcerated in the federal penitentiary at Lewisburg, Pennsylvania. This civil action was commenced when the plaintiff filed a form 42 U.S.C. § 1983 complaint. The defendants were all federal employees ranking from the current Attorney General of the United States down to the plaintiff's former case manager at Leavenworth penitentiary. Essentially, the plaintiff challenged the constitutionality of the defendants' actions with regard to a prison disciplinary proceeding at which he was found guilty of the offense charged.

28 U.S.C. § 1343(a)(3) does not confer jurisdiction upon the district court to adjudicate a 42 U.S.C. § 1983 action against federal officials. As the plaintiff requested relief in the form of monetary damage awards, a declaratory judgment, injunctions, the expunction of prison disciplinary records, and the restoration of his forfeited good time credits, the complaint may be liberally construed to state that jurisdiction is invoked under 28 U.S.C. §§ 1331, 1361, and 2241(c)(3).

The district court treated the plaintiff's complaint as if it were solely based on 28 U.S.C. § 1331. After the court dismissed the action for failure to demonstrate exhaustion of administrative remedies, the plaintiff filed a motion for reconsideration to which he attached the documents necessary to show that he had followed appropriate administrative channels. On September 19, 1985, the court entered an order denying the motion. The court concluded that a rational basis existed for the administrative determination (*i.e.*, the disciplinary conviction) and that the plaintiff had failed to state a claim. It is from this order that the plaintiff now appeals.

Liberally construed, this pro se plaintiff's complaint asserts that his constitutional rights were violated by the defendants because they failed to abide by their own disciplinary regulations regarding the investigation, the hearing, and the decision making. The complaint alleges violations of the plaintiff's right to due process under the Fifth Amendment and his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment.

The plaintiff suffered the forfeiture of 1,009 days of good time credits and the consequent rescission of his presumptive parole date. 18 U.S.C. § 4161 creates a right to good time credits and a deprivation of that right is a deprivation of liberty. *Dawson v. Smith*, 719 F.2d 896, 898 (7th Cir.1983); *Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir.), *cert. denied*, 464 U.S. 861, 104 S.Ct. 189, 78 L.Ed.2d 167 (1983). "[A]ny procedure depriving a federal prison inmate of earned statutory good time credits must comport with the due process requirements of the Constitution." *Dawson*, 719 F.2d at 898.

As a practical matter, the plaintiff does not have a viable Eighth Amendment *Bivens* claim for which he may recover damages. The plaintiff's allegations that procedural irregularities occurred during his disciplinary proceeding do not involve the Eighth Amendment's protection against

* Honorable Wayne E. Alley, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

"the unnecessary and wanton infliction of pain." *See Rhodes v. Chapman*, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).

■ The plaintiff's most promising argument is that he should be granted a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c). If he can show that his due process rights were violated in the subject disciplinary proceedings, then § 2241 would be the appropriate remedy to use to restore his good time credits. *See Jackson*, 707 F.2d at 946.

In *Superintendent, Mass. Corr. Institution v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985), the Court held that "the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." The Court decided that the relevant question was "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."

In the instant case, the information relied on to support the disciplinary conviction consisted of information provided by a confidential informant, the results of two polygraph tests and purported inconsistencies in the statements of some of the plaintiff's witnesses at his disciplinary hearing.

Our review of the record discloses that the above information did not constitute any evidence that supported the conclusion reached by the prison officials.

■ The statements elicited from the confidential informant should never have been given any weight by the institutional disciplinary committee (IDC) as there was no determination made by the prison staff that indicated that the informant was reliable. *See* 28 C.F.R. § 541.17(f) and Bureau of Prisons Program Statement No. 5270.5, Chapter 7, pp. 4–5. *See also McCollum v. Williford*, 793 F.2d 903, 906 (7th Cir.1986); *Sanchez v. Miller*, 792 F.2d 694, 700 (7th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 933, 93 L.Ed.2d 984 (1987); *Mendoza v. Miller*, 779 F.2d 1287, 1293 (7th Cir. 1985), *cert. denied*, — U.S. —, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986) (In order for a prison inmate to have a fair hearing, some indication of the reliability of confidential informants is required when confidential information is the basis for a disciplinary decision). The only statements contained in the record concerning the informant's reliability assert that the informant's reliability is "questionable."

A reading of the final IDC report on this matter reveals that the IDC completely misread the results of the two polygraph tests. The report states that the plaintiff's first polygraph indicated that he was being deceptive. In fact, the results were interpreted as inconclusive. The plaintiff is also said to have "failed" the second polygraph test. Actually, the second polygraph interpretation states that the plaintiff is at least "withholding information concerning the person or persons responsible for the assault on the officer."

Any material inconsistencies found in the testimony of the plaintiff's witnesses stem from the defendants' misreading of the recorded testimony. The testimony of the plaintiff's witnesses substantially corroborates his story that he was watching television in his cell block when the assault on the prison guard occurred in the prison gymnasium.

■ The plaintiff's challenge, under § 2241(c), to the action of the defendant Parole Commission (sued nominally as defendant Beer) in rescinding his presumptive parole date is premature. First, the plaintiff must succeed in his action attacking his disciplinary conviction and have his forfeited good time restored. Should this occur, the plaintiff may then contest the Parole Commission's decision pursuant to 28 C.F.R. §§ 2.25 and 2.26. This administrative remedy must be utilized before a suit can be brought pursuant to § 2241(c). *See Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir.1981).

As there is no evidence in the record to support the conclusion of the prison officials in this matter, it is apparent that the plaintiff has a valid 28 U.S.C. § 2241(c)(3) claim based on a violation of his due process rights as guaranteed by the Fifth Amendment. Accordingly, the order of the

United States District Court for the District of Kansas entered September 19, 1985, is REVERSED and the cause is REMANDED with instructions to order a new prison disciplinary hearing that comports with the federal regulations governing such proceedings.

The mandate shall issue forthwith.