George I. BENNY, Petitioner,

v.

Jerry A. O'BRIEN, et al., Respondents.

No. 87–3218.

United States District Court, D. Kansas.

April 12, 1990.

George I. Benny, Leavenworth, Kan., pro se.

Connie R. DeArmond, Asst. U.S. Atty., Topeka, Kan., for respondents.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This action is before the court on a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate at the United States Penitentiary, Leavenworth, Kansas, (USPL), claims his due process rights were violated in prison disciplinary proceedings conducted by the USPL· Institution Disciplinary Committee (IDC). Plaintiff specifically claims (1) the IDC failed to comply with procedural due process requirements applicable to prison disciplinary proceedings; (2) insufficient evidence was adduced at the hearings to support the findings of the IDC; and (3) the IDC erred in failing to expunge the incident report.

Having reviewed the materials filed in this case, the court makes the following findings and order.

*Factual Background*

Petitioner was issued an incident report on April 26, 1985, on charges of attempting to receive money for illegal or improper purposes. At that time, petitioner was incarcerated at the Federal Correctional Institution in Texarkana, Texas, (FCI–Texarkana). Petitioner received the incident report while housed in the facility's disciplinary segregation unit under sanctions imposed by the IDC on earlier, related charges of planning an escape and possession of money. These charges were the basis of an earlier petition for writ of habeas corpus filed by petitioner. *See Benny v. O'Brien,* No. 87–3217 (D.Kan. March 28, 1990).

The later charges of attempting to receive money stem from the April 25, 1985, discovery of $300.00 in cash concealed in a padded envelope addressed to petitioner and bearing the return address of his wife. Petitioner was found guilty of these charges after a disciplinary hearing held on May 7, 1985. The IDC imposed an additional 30 days in disciplinary segregation and ordered the forfeiture of 60 days statutory good time as well as the loss of preferred quarters.

Petitioner sought administrative review of this decision, and a rehearing was granted by the South Central Regional Director of the Bureau of Prisons on July 22, 1985. By that time, petitioner had been transferred to USPL. Due in part to delays in receiving information from FCI–Texarkana, the rehearing was not conducted until February 5, 1986. Following that hearing, the IDC affirmed the disciplinary segregation sanction imposed in May 1985 and found that no statutory good time was available.

Petitioner again pursued administrative remedies within the Bureau of Prisons, and a second rehearing was granted by the North Central Regional Director. Petitioner's second rehearing was conducted on May 21, 1986, and the IDC again confirmed the disciplinary segregation penalty imposed after the initial hearing. Petitioner exhausted administrative remedies and then commenced the instant action.

### Discussion

Before examining petitioner's claims, the court finds it appropriate to review the due process requirements applicable to prison disciplinary proceedings and the standard of review for such proceedings. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the United States Supreme Court held that at a minimum, a prisoner is entitled (1) to receive advance notice of charges no less than 24 hours before the disciplinary hearing, (2) to present evidence and witnesses in his defense, and (3) to receive a written statement of the evidence relied upon and the reasons for the disciplinary action. *Wolff*, 418 U.S. at 563–569, 94 S.Ct. at 2978. Further, the finding of a disciplinary body must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 454–455, 105 S.Ct. 2768, 2773–74, 86 L.Ed.2d 356 (1985). In enunciating this standard, the Court noted that a court reviewing the findings of a prison disciplinary board need not examine the complete record, assess the credibility of the witnesses, nor weigh the evidence. Instead, "the relevant question is whether there is any evidence in the record that could support

the conclusion reached by the disciplinary board." *Id.* at 455–456, 105 S.Ct. at 2774.

The court will now review petitioner's claims in light of these standards.

*A. Compliance with Due Process Requirements*

Petitioner alleges his right to due process was violated and asserts respondents erroneously failed to provide him with effective assistance of a staff member and to provide a prompt rehearing.

■ The court finds these claims lack merit. Under the standards set forth in *Wolff*, petitioner has no constitutional right to the assistance of counsel or a counsel substitute. Petitioner was assisted at the second rehearing in May 1986 by the staff member who represented him at the earlier rehearing. At the second rehearing, petitioner submitted written statements from two inmates and an affidavit signed by his wife and also gave a statement in his own behalf. It is clear petitioner is articulate and capable of preparing a defense, and that he was able to present a coherent argument to the IDC in support of his position. Due process does not require the appointment of a counsel substitute under these circumstances, and petitioner therefore does not state a claim of constitutional magnitude. *See Wolff*, 418 U.S. at 569–570, 94 S.Ct. at 2981 (an inmate should be free to seek the assistance of a fellow prisoner or a staff member where the inmate is illiterate or in cases of unusual complexity).

■ Petitioner next claims respondents failed to provide him a prompt rehearing. The court finds no merit in this claim. Under federal regulation, the IDC may postpone or continue a hearing for good cause when it finds "further investigation or more evidence is needed." 45 C.F.R. § 541.17(e). Petitioner's second rehearing was conducted on May 21, 1986, after being ordered by a memorandum dated May 6, 1986. The delay in conducting this proceeding was obviously minimal. While petitioner's first rehearing was ordered on July 22, 1985, and conducted in early February 1986, it is clear that this delay was

related to petitioner's transfer to USPL due to other disciplinary sanctions. The court therefore concludes that no due process deprivation is presented.

### B. Sufficiency of the Evidence

■ Petitioner next contends the evidence offered at the rehearings of the disciplinary charges was insufficient to support the IDC's finding of guilt in each case. The record reveals that the evidence considered by the IDC in each of the hearings consisted of information provided by a confidential informant, the currency discovered by prison officials, and paraphernalia retrieved during an investigation of related escape charges shortly before the charges underlying this action were made.

In assessing petitioner's argument, this court has reviewed the IDC records and the confidential information which was available to the IDC.[1]

■ Where such confidential information constitutes the primary basis for a prison disciplinary decision, a court may require some evidence of the informant's reliability. *See Dawson v. Smith,* 719 F.2d 896 (7th Cir.1983), *cert. denied,* 466 U.S. 929, 104 S.Ct. 1714, 80 L.Ed.2d 186 (1984). This evidence may be provided through the sworn statement of investigating staff, corroborating testimony, a statement in the record that the IDC had firsthand knowledge of the informant and considered the source reliable, or through an *in camera* examination of documentation of the informant's reliability. *Mendoza v. Miller,* 779 F.2d 1287, 1293 (7th Cir.1985), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986).

Having closely reviewed the information provided to the IDC by the informant, the grounds for the IDC's determination of reliability, and the additional evidence presented at the disciplinary proceedings, the court finds the IDC finding is supported by evidence in the record and therefore must be upheld. *Superintendent,* 472 U.S. at 455–456, 105 S.Ct. at 2773–74.

### C. Expunction of Incident Report

■ Petitioner argues respondents erred in rehearing the disciplinary charges rather than expunging the incident report after the IDC finding in petitioner's initial hearing was overturned on administrative review. This claim is wholly without merit. An official reviewing the finding of a prison disciplinary board has the authority to approve, reverse, modify, or remand any disciplinary action. 28 C.F.R. § 541.19. The reviewing officials were clearly within their authority in ordering rehearing of the charges.

IT IS THEREFORE ORDERED that this action is hereby dismissed and all relief denied. The clerk of the court is directed to transmit copies of this Memorandum and Order to petitioner and to the office of the United States Attorney.

---

1. This information was submitted to the court as an *in camera* exhibit. Because the court finds that a discussion of its contents could lead to the identity of the informant, this exhibit will not be discussed with specificity.