930 F.2d 33
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Jerry Dean GRAHAM, Plaintiff-Appellant,
v.
Stephen KAISER, Warden, Delores Ramsey, J. Rolland, Larry
Callen, Jimmy Carter, James McKenna, Defendants-Appellees.
 No. 90-6138.
 United States Court of Appeals, Tenth Circuit.
 April 11, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff-appellant, a prisoner in the Oklahoma State Penitentiary system, filed this action under 42 U.S.C. Sec. 1983[1] against the warden and various prison administrative officers (defendants-appellees). Proceeding in forma pauperis, he claimed that he was deprived of constitutionally protected rights. These deprivations occurred during prehearing administrative detention, investigation, hearing, and posthearing confinement associated with a prison disciplinary proceeding. Plaintiff was charged with conspiracy to kill another inmate, based upon information supplied by a confidential informant. He was found guilty of the charge and was given thirty days disciplinary segregation and the loss of earned credits. He alleges that defendants did not actually conduct an investigation, that the disciplinary officer inappropriately placed greater credibility in the confidential informant's recitation than on plaintiff's own testimony, that his prehearing administrative detention was improper, and that he was subjected to double punishment--first, in administrative detention prior to the hearing, and second, in disciplinary segregation after the hearing.
 
 
 2
 In the district court, defendants moved to dismiss for failure to state a claim, pursuant to Fed.R.Civ.P. 12(b)(6) and 28 U.S.C. Sec. 1915(d), accompanied by a special report on the factual basis of the prison proceedings.[2] Rec.vol. I, doc. 15. Plaintiff filed a responsive motion in opposition. Id. doc. 16. After reviewing these materials, the relevant law, and also reviewing the confidential informant's testimony in camera, the district court granted the defendants' motion to dismiss. Graham v. Kaiser, No. CIV-89-1648-P, unpub. memo. op. (W.D.Okla. Mar. 30, 1990). Plaintiff appeals, repeating the arguments submitted to the district court.
 
 
 3
 It is not entirely clear whether the district court dismissed plaintiff's claims under Fed.R.Civ.P. 12(b)(6) or 28 U.S.C. Sec. 1915(d), or some combination thereof. We are satisfied, however, that the district court, under 28 U.S.C. Sec. 1915(d), properly dismissed plaintiff's legal claim about administrative confinement before the disciplinary hearing and his factual claim about a lack of investigation. Regarding plaintiff's claim that the disciplinary officer inappropriately weighed the informant's evidence, the district court correctly dismissed the claim under Rule 12(b)(6).
 
 
 4
 Under 28 U.S.C. Sec. 1915(d) a court may dismiss "a claim on an indisputably meritless legal theory," such as a "claim[ ] of infringement of a legal interest which clearly does not exist." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Plaintiff's confinement before his disciplinary hearing is properly characterized as administrative, not disciplinary, and no statute or regulation has been suggested which would counsel greater procedural protection. See Hewit v. Helms, 459 U.S. 460, 468 (1983); Bailey v. Shillinger, 828 F.2d 651, 652 (10th Cir.1987). An independent due process interest does not exist in these circumstances; the district court properly dismissed this claim under 28 U.S.C. Sec. 1915(d). See Neitzke, 490 U.S. at 327.
 
 
 5
 Section 1915(d) also allows a court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual allegations are clearly baseless," such as "claims describing fantastic or delusional scenarios." Neitzke, 490 U.S. at 327-28; McKinney v. Oklahoma, 925 F.2d 363, ----, (10th Cir.1991). Plaintiff's claim concerning a lack of investigation is baseless, and is belied by the record including the plaintiff's responsive pleading. See Graham, unpub. memo. op. at 2-3 (discussing procedure attendant to this disciplinary action).
 
 
 6
 Plaintiff has challenged the hearing officer's reliance on the confidential informant's statement. See Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir.1987). Considering the allegations concerning the informant's evidence as pled, see Conley v. Gibson, 355 U.S. 41, 45-46 (1957), we conclude that "some evidentiary basis" supports the decision of the hearing officer to rely upon the informant. See Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); Benny v. O'Brien, 736 F.Supp. 242, 245 (D.Kan.1990). Unlike the situation in Brown, this disciplinary action is not without support. This claim may be resolved under Rule 12(b)(6), for the determination of "some evidentiary basis" is a legal inquiry which "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." Hill, 472 U.S. at 455.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 To the extent that plaintiff seeks restoration of his good time credits, he must proceed under 28 U.S.C. Sec. 2254(d) with its exhaustion requirement. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Smith v. Maschner, 899 F.2d 940, 951 (10th Cir.1990). In light of our disposition, however, we do not reach this issue
 
 
 [2]
 We have recognized that district courts may rely upon similar reports in determining whether a factual or legal basis for a claim exists, although such reports cannot resolve material factual disputes. Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir.1987); Martinez v. Aaron, 570 F.2d 317, 318-19 (10th Cir.1987)