958 F.2d 368
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David MILLER, Petitioner-Appellant,
v.
J.J. CLARK, Respondent-Appellee.
 No. 91-7317.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 20, 1992.
Decided March 16, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. T.S. Ellis, III, District Judge. (CA-89-143-AM)
 David Miller, appellant pro se.
 E.D.Va.
 AFFIRMED AS MODIFIED.
 Before WIDENER and LUTTIG, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David W. Miller, a District of Columbia prisoner in federal custody pursuant to D.C.Code Ann. § 24-425 (1989), appeals from the district court's order denying relief on his petition under 28 U.S.C. § 2241 (1988). We affirm as modified.
 
 
 2
 We note preliminarily that no separate judgment, as required by Fed.R.Civ.P. 58, was entered following the district court's order dismissing the petition. Accordingly, the time for appeal technically never began to run and the appeal is therefore timely. See Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978). This Court may consider the merits of the appeal because it appears that the district court viewed its order as final and appealable and the parties on appeal have not raised the absence of a separate judgment. See Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 691 (4th Cir.1978).[1]
 
 
 3
 In his petition Miller raised three claims: he was deprived of good time credits, he was deprived of educational good time credits, and he was transferred to federal custody without due process. The district court found that no due process violation arose from Miller's placement in federal custody under section 24-425. The same conclusion has been reached by other courts addressing this question. See Ali v. United States, 743 F.Supp. 50, 52 (D.D.C.1990); Curry-Bey v. Jackson, 422 F.Supp. 926, 930-32 (D.D.C.1976); District of Columbia v. Cooper, 483 A.2d 317, 322 (D.C.1984). We affirm this decision.
 
 
 4
 On the claims concerning good time credits the court denied relief on two alternative grounds. The court first found that Miller had failed to exhaust his administrative remedies and that dismissal was therefore proper on that basis. The court also held that even considering the merits, Miller was not entitled to relief.
 
 
 5
 Federal prisoners who wish to challenge the length of their confinement must first exhaust administrative remedies. Greene v. Meese, 875 F.2d 639, 640 (7th Cir.1989); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir.1987) (per curiam); Chua Han Mow v. United States, 730 F.2d 1308, 1313-14 (9th Cir.1984), cert. denied, 470 U.S. 1031 (1985). Federal regulations establish a procedure for reviewing this type of claim. See 28 C.F.R. § 542.10-16 (1991). However, a dismissal for failure to exhaust should be without prejudice. Greene, 875 F.2d at 643.
 
 
 6
 Accordingly, pursuant to 28 U.S.C. § 2106 (1988), we modify the judgment below to reflect that these claims are dismissed without prejudice, and we affirm the dismissal as so modified.
 
 
 7
 The district court's alternative holding on the merits would have been sufficient to support a dismissal with prejudice; however, a significant change in applicable law undercuts the basis for the district court's decision.
 
 
 8
 Under District of Columbia law prisoners are entitled to credits against their sentence both for good time, D.C.Code Ann. § 24-428 (1989) (amended 1991), and for achieving certain educational goals, D.C.Code Ann. § 24-429 (1989). The language of section 24-428 in effect at the time of the district court's order limited its application to prisoners actually housed in District prisons and thus did not apply to those, like Miller, in federal custody. This Court upheld the constitutionality of this section's applicability to only those housed in District facilities. Moss v. Clark, 886 F.2d 686, 692 (4th Cir.1989). Relying on Moss, the district court denied relief.
 
 
 9
 On June 27, 1991, the District of Columbia City Council amended section 24-428 to clarify that good time credits were to be awarded to District prisoners housed in federal, state, and county facilities as well as those housed in District facilities. District of Columbia Good Time Credits Amendment Act of 1991, D.C.Law 9-24, § 2.[2] Section three of D.C.Law 9-24 made the amendment retroactive to April 11, 1987, the date of the original enactment of the good time credit law. This retroactive change in the law vitiates the basis for the district court's decision on the merits.
 
 
 10
 In conclusion, we affirm the decision of the district court denying relief on Miller's due process claim. We affirm, with the modification noted above, the dismissal of Miller's remaining claims for failure to exhaust. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED AS MODIFIED.
 
 
 
 [1]
 Because no separate judgment was entered, the district court's dismissal of Miller's motion for reconsideration under Fed.R.Civ.P. 59(e) was likewise in error. See Hilst v. Bowen, 874 F.2d 725, 726 (10th Cir.1989) (where motion under Rule 59(e) made before separate judgment it will be carried forward and considered timely)
 
 
 [2]
 This law became effective on August 17, 1991