47 F.3d 1168
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fennell GOODMAN, III, Petitioner-Appellant,
v.
G.E. HURST, United States Parole Commission; District of
Columbia, Department of Corrections, Respondents-Appellees.
 No. 93-6316.
 United States Court of Appeals, Sixth Circuit.
 Feb. 10, 1995.
 
 Before: BROWN, RYAN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Fennell Goodman was convicted in 1986 of armed manslaughter under the District of Columbia Code. He appeals the denial of his petition for habeas corpus under 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 * Goodman is serving a sentence of 7 to 21 years for armed manslaughter, in violation of D.C. Code Ann. Sec. 24-205. He was sentenced in April 1986, and is serving his sentence at the Federal Correction Institution at Memphis, Tennessee. Goodman claims he is entitled to good time credits under the District of Columbia Good Time Credits Act of 1986, D.C. Code Ann. Secs. 24-428 -- 24-434 (1989) (amended 1991). This Act applies credits to reduce the minimum sentence a D.C. inmate must serve before becoming eligible for parole, and to his maximum term to determine when release on parole becomes mandatory. D.C. Code Ann. Sec. 24-428(b). As amended in 1991, the Act applies to D.C. prisoners, such as Goodman, who are housed outside the district.
 
 
 3
 The D.C. Department of Corrections recalculated Goodman's credits under the amended Act. It did not release its decision until April 21, 1992. It determined that, under the amendments, Goodman would have become eligible for parole on February 9, 1991. Since the Act only became effective on August 21, 1991, Goodman was found eligible for parole on August 21, 1991. He did not receive a parole hearing until November 5, 1992.
 
 
 4
 At Goodman's parole hearing, the United States Parole Commission (USPC) denied Goodman parole. Goodman then brought his Sec. 2241 claim. Goodman claimed that the Bureau of Prisons (BOP) delayed awarding him credits he deserved after the amendment, and this failure prevented him from being considered for parole when he should have been. Goodman claimed he should have a parole hearing rescheduled in 12 months as a D.C. prisoner, rather than 24 months. Goodman also claimed he was denied jail credit and educational credits.
 
 
 5
 The district court denied Goodman's petition on its face without requiring service upon the government. The district court held that the BOP was under no obligation to award Goodman good time credits under the D.C. system before the amendment of the D.C. Act in 1991. Fields v. Keohane, 954 F.2d 945, 951 (3d Cir. 1992); Pryor v. Brennan, 914 F.2d 921 (7th Cir. 1990).
 
 
 6
 The court below also held that Goodman has no constitutional right to parole. Greenholtz v. Nebraska Penal Inmates, 442 U.S. 1, 11 (1979). The USPC's denial of Goodman's parole was a decision committed to their discretion and insulated from judicial review. Farkas v. United States, 744 F.2d 37, 38-39 (6th Cir. 1984). The court below held that Goodman could not maintain a habeas petition to obtain credits toward early consideration of parole, or to compel the USPC to reconsider its decision to deny him parole.
 
 
 7
 Finally, the district court held that Goodman had not exhausted his administrative remedies before seeking judicial review of the BOP's calculation of his sentence, in which BOP allegedly neglected Goodman's jail time and education credits. Davis v. Keohane, 835 F.2d 1147, 1148 (6th Cir. 1987).
 
 II
 
 8
 Goodman asserts on appeal that the delay in his first parole hearing has delayed his "parole scheme" in violation of his rights and is addressable under Sec. 2241. The 1991 amendment to the Good Time Credits Act provides for credits retroactive to April 11, 1987, for D.C. Code offenders incarcerated in federal institutions. D.C. Law 9-24, Sec. 2, 38 D.C. Reg. 4090 (Aug. 17, 1991); Miller v. Clark, 958 F.2d 368, 1992 WL 48031 (4th Cir. 1992) (Table) (discussing retroactivity of amendment).
 
 
 9
 This court has held that there is no constitutional right to parole. Lee v. Jabe, 989 F.2d 869, 871 (6th Cir. 1993) (citing Greenholtz). However, a federal prisoner who seeks to attack the computation of his parole or sentencing credit may do so under 28 U.S.C. Sec. 2241. Fields v. Keohane, 954 F.2d 945 (3d Cir. 1992); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To prevail, the prisoner must show that the claim raises a constitutional issue, and the resolution of this issue in the prisoner's favor can affect the length of his custodial term. Fields v. Keohane, 954 F.2d at 949 (citing Coleman v. Thompson, 111 S. Ct. 2546, 2554 (1991)). Goodman can raise a Sec. 2241 claim based on the fact that deprivation of good-conduct credits could cause him to be in illegal confinement in the future. Preiser v. Rodriguez, 411 U.S. 475, 487 (1973); Peyton v. Rowe, 391 U.S. 54, 67 (1968).
 
 
 10
 However, Goodman does not attack the recalculation of his credits under the amended act. Rather, Goodman protests the delay in his obtaining a hearing, and the disadvantage to him because he has not received more frequent rehearings. According to Goodman, if he had been incarcerated in the D.C. Department of Corrections he would "have received three (3) rehearings which [sic] he [Goodman] is almost certain that parole suitability would have been met." Petition, J.A. at 7.
 
 
 11
 Goodman's claim lacks merit. The D.C. municipal regulations provide that a subsequent hearing should ordinarily occur within 12 months. 28 D.C. Reg. Sec. 104.2. However, the regulations do not require such a hearing within 12 months, so it is within the USPC's discretion to set a longer period. 28 D.C. Reg. Sec. 104.11 ("Notwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate."); White v. Hyman, 647 A.2d 1175, 1178 (D.C. 1994) (applying Sec. 104.11 to determine Sec. 104.2 12-month reconsideration period not mandatory); Jones v. Braxton, 647 A.2d 1116, 1117 (D.C. 1994).
 
 
 12
 Therefore, although prisoners can use Sec. 2241 to attack the calculation of credits, this provision is not properly employed to attack the frequency of parole hearings or the fact that an initial hearing was delayed. Since parole was denied initially, and up to this point has been denied, any delay by the BOP or D.C. Department of Corrections cannot have caused Goodman any prejudice.
 
 III
 
 13
 A habeas petitioner must exhaust administrative remedies before seeking habeas relief. Little v. Hopkins, 638 F.2d 953, 954 (6th Cir. 1981). Goodman exhausted his administrative remedies with the BOP regarding the delay in notifying him that his parole eligibility had been advanced because of the amendments to the Good Time Credits Act. The BOP responded that the D.C. Department of Corrections computed his sentence, not the BOP, and denied his request for an administrative remedy. Goodman did not raise either the jail time credit or the educational credit issue in that request.
 
 
 14
 Goodman must now exhaust his administrative remedies with the D.C. Department of Corrections regarding these calculation issues. Since the BOP has informed Goodman that the computation of his sentence is within the D.C. Department of Corrections's jurisdiction, Response, Feb. 22, 1993, J.A. at 26, it would be futile to require Goodman to also bring his calculation of credits claim before the BOP.
 
 
 15
 Goodman asserts that the D.C. Department of Corrections remedy system is "intangible" to him because he is incarcerated in Tennessee. There is no evidence before this court that his status as an incarcerated prisoner in Tennessee prevents him from contacting the D.C. Department of Corrections regarding the calculation of his jail time and educational credits. Goodman must pursue these remedies before he can raise these issues in federal court. Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987).
 
 
 16
 The judgment of the district court is therefore AFFIRMED.