**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 17 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

SHELBY L. TRUITT,

Plaintiff-Appellant,

v.

DOLORES RAMSEY,

Defendant-Appellee.

No. 97-6227
(D.C. No. CIV-96-1864)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

Plaintiff Shelby Truitt, an Oklahoma state prisoner appearing pro se, appeals the district court's order granting summary judgment in favor of defendant Dolores Ramsey in this § 1983 civil rights action. We dismiss the

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appeal pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

On June 5, 1980, Truitt began serving seven concurrent sixty-year sentences for robbery with firearms after a felony conviction. On August 30, 1983, he received a misconduct report charging him with participating in a plan to take a correctional officer hostage. As a result of a disciplinary hearing, he was found guilty and punished with the loss of 365 days of earned credit. On review, a hearing examiner recommended reversal of the decision and expungement of the incident because of failure to comply with procedures regarding consideration of confidential witness testimony, but the disciplinary review board rejected the recommendation, stating: "Errors were corrected and policy was followed--delay was not excessive." Truitt wrote to the director of the Oklahoma Department of Corrections on July 8, 1996, asking for reconsideration and the letter was forwarded to Ramsey for response. Ramsey wrote to Truitt on August 5, 1996, stating: "The decision of the Review Committee on 10-21-83 is final. The disciplinary procedures in effect on that date were followed."

Truitt filed this § 1983 civil rights action on November 4, 1996, claiming Ramsey (the sole defendant) violated his constitutional rights by failing to "conduct at least a minimal investigation to determine whether there was any merit" to his allegations. He sought declaratory relief, expungement of the charge, and damages in the amount of $30,000. After requiring the filing of a

<u>Martinez</u> report and after both parties filed motions for summary judgment, the magistrate judge recommended that summary judgment be granted in favor of Ramsey. The district court adopted the magistrate's recommendation and granted summary judgment for Ramsey on May 28, 1997.

We have reviewed the record on appeal and agree that Truitt has no cause of action against Ramsey. Although Truitt's complaint makes the cursory allegation that Ramsey failed to properly investigate the disciplinary proceeding, we are not convinced Ramsey was under any constitutional obligation to investigate Truitt's allegations. More important, the heart of the complaint is that the procedures utilized during the disciplinary proceeding were improper. Because Ramsey clearly had no personal involvement in that proceeding, she is simply the wrong defendant. See <u>Moore v. Pemberton</u>, 110 F.3d 22, 23 (7th Cir. 1997) ("[T]he right defendants in a § 1983 suit are the persons whose wrongful acts harmed the plaintiff.").

Because Ramsey was the only named defendant in this action, we conclude Truitt's appeal is legally frivolous and properly dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). For the same reasons, we conclude this appeal will be counted as a "prior occasion" under 28 U.S.C. § 1915(g).

In passing, we emphasize that Truitt has no cognizable § 1983 claim against any member of the 1983 disciplinary committee (or anyone else personally

involved in the 1983 disciplinary proceedings) and, thus, cannot simply refile this action against a different defendant. The underlying basis for Truitt's claim is his assertion that the disciplinary committee failed to comply with disciplinary policy OP-060401, which required determination of the reliability of the confidential informant prior to consideration of his testimony. If established, the procedural defect alleged by Truitt would "necessarily imply the invalidity of the deprivation of his [earned] credits." Edwards v. Balisok, 117 S. Ct. 1584, 1588 (1997); see Taylor v. Wallace, 931 F.2d 698, 702 (10th Cir. 1991) (findings of prison disciplinary committee could not be upheld absent indication that disciplinary committee made independent finding regarding reliability of testimony of confidential informants); Brown v. Smith, 828 F.2d 1493, 1495 (10th Cir. 1987) (statement elicited from confidential informant should not have been given any weight by disciplinary committee absent determination of informant's reliability). In turn, restoration of the earned credits would necessarily entitle Truitt to an earlier release (albeit one that would not occur for some time due to the length of his sentences). Accordingly, Truitt does not have any cognizable § 1983 claim based on the alleged procedural defect in the disciplinary proceedings absent a successful habeas petition declaring those proceedings unconstitutional. Edwards, 117 S. Ct. at 1589; Clarke v. Stalder, 121 F.3d 222, 226-27 (5th Cir. 1997); Stone-Bey v. Barnes, 120 F.3d 718, 721-23 (7th Cir.

1997).

The appeal is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous. This appeal will also be counted as a "prior occasion" under 28 U.S.C. § 1915(g). The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge