F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**MAR 19 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MILTON WALDEN,

      Petitioner-Appellant,

v.

E. J. GALLEGOS, Warden,

      Respondent-Appellee.

No. 03-1461

(D.C. No. 03-Z-1571)
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BRISCOE** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Milton Walden, a federal prisoner appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 habeas petition challenging a prison disciplinary conviction. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and reverse and

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

remand with directions to grant habeas relief in favor of Walden.

## I.

On September 16, 2002, during a telephone conversation between Walden and his wife, Walden informed her that visitation for Sunday, September 22, 2002, might be cancelled. He instructed his wife to call the warden, as well as the director of the Bureau of Prisons (BOP), to complain. Walden further told his wife that if such phone calls were unsuccessful, "she should gather several other female visitors on Saturday[, September 21, 2002], after visiting hours, and drive to the warden's house, knock on his door, and demand to know why they lost a visiting day." 10/24/02 Disciplinary Report at 3.

After monitoring the telephone conversation, institution staff investigated and issued an incident report charging Walden with committing two acts prohibited by BOP regulations: (1) use of the telephone to further criminal activity, in violation of Code 197; and (2) engaging in or encouraging a group demonstration, in violation of Code 212.[1] See generally 28 C.F.R. § 541.13, Table 3 (2003) (outlining prohibited acts and their accompanying sanctions). Because both charges fell within the "GREATEST CATEGORY" on the BOP's Disciplinary Severity Scale, see id., the incident report was automatically referred to a disciplinary hearing officer (DHO) for disposition. At a hearing on October 9, 2002, Walden appeared in person and was represented by a staff

---

[1] According to the record, one of the officers who investigated the incident concluded "that the 197 charge [wa]s not supported in the body of the incident report and should be dropped." Incident Report at 2.

2

member. Although Walden admitted telling his wife to call the warden or the regional director, and if necessary "to walk over to the warden's house and ask," he alleged he was simply attempting "to pacify" his wife. 10/24/02 Disciplinary Report at 1. Walden otherwise denied he was guilty of the pending charges.

On October 24, 2002, the DHO issued a report expunging the Code 212 charge (encouraging a group demonstration), but finding Walden guilty of the Code 197 charge (use of the telephone to further criminal activity). In expunging the group demonstration charge, the DHO concluded that Code 212 was inapplicable because it "concern[ed] group demonstrations of inmates." Id. at 3. In finding Walden guilty of violating Code 197 by using a telephone to further criminal activity, the DHO stated, in pertinent part:

> Based on listening to the taped phone conversation, where inmate Walden is clearly the person that is upset, and is clearly the person giving the directions about what the female has to do concerning the possible cancellation of one day of visiting; the fact that entering a federal housing reservation without express permission is criminal trespass; the fact that inmate Walden clearly instructs the female to go to the warden's house on the federal staff housing property.

Id. The DHO imposed several sanctions against Walden, including the disallowance of 40 days of good conduct time, 60 days of disciplinary segregation, temporary restrictions on telephone and visitation privileges, and a recommended disciplinary transfer.[2]

Walden appealed the DHO's decision, asserting in pertinent part that the DHO's

---

[2] According to the record, Walden is now housed at a federal correctional facility in Florence, Colorado.

finding of a violation of Code 197 was not supported by the evidence. The BOP Regional Director and the Administrator of National Inmate Appeals affirmed the DHO's decision. After exhausting his administrative remedies, Walden filed his habeas petition seeking a reversal of the DHO's decision and expungement of the incident report. Shortly after Walden filed his petition, the district court summarily dismissed it without seeking a response from the government. The district court concluded that, even though Walden had a constitutionally protected liberty interest in the loss of good conduct time credits, "he was not denied due process in his disciplinary proceeding." ROA, Doc. 5 at 2. More specifically, the district court found "there [wa]s some evidence to support the disciplinary conviction." Id. at 3. Walden moved for reconsideration, but his motion was denied by the district court.

## II.

Federal inmates, such as Walden, possess a liberty interest in good time credits, see Brown v. Smith, 828 F.2d 1493, 1494 (10th Cir. 1987), and thus are entitled to the minimal safeguards afforded by the Due Process Clause prior to revocation of those credits. See Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Revocation of good time credits "does not comport with 'minimum requirements of procedural due process,' unless the findings of the prison disciplinary [officer] are supported by some evidence in the record." Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) (internal citation omitted).

The central issue in Walden's appeal is whether his disciplinary conviction, which resulted in the loss of good time credits, satisfies this standard. In other words, the central issue is whether the DHO's finding that Walden violated Code 197 by using the telephone to further criminal activity is supported by "some evidence" in the record. The district court's resolution of the issue is subject to de novo review. See Hunnicutt v. Hawk, 229 F.3d 997, 1000 (10th Cir. 2000).

We begin our analysis by examining Code 197. Many acts prohibited by BOP regulation are self-defining. For example, Code 100 prohibits federal inmates from "Killing." Code 197 is different. Because it prohibits federal inmates from using "the telephone to further criminal activity," it by necessity requires reference to, and application of, some outside source of criminal law. Here, the DHO referred to and applied the law of "criminal trespass" in concluding that Walden violated Code 197. Although the DHO's report did not include a specific statutory citation, we conclude, based on the DHO's reference to "entering a federal housing reservation without express permission," that the DHO relied on 18 U.S.C. § 1793. That statute, entitled "Trespass on Bureau of Prisons reservations and land," states: "Whoever, without lawful authority or permission, goes upon a reservation, land, or a facility of the Bureau of Prisons shall be fined under this title or imprisoned not more than six months, or both." In the DHO's view, § 1793 was implicated because, during the telephone conversation, "Walden clearly instruct[ed] [his wife] to go to the warden's house on the federal staff housing property."

5

10/24/02 Disciplinary Report at 3.

Although the record readily supports the DHO's finding that Walden encouraged or instructed his wife to go to the warden's house (if her telephone attempts to resolve the visitation issue were unsuccessful), there is no evidence that the telephone conversation included any discussion of criminal trespass. That is, there is no evidence in the record that, in encouraging or instructing his wife to go to the warden's house, Walden intended for her to do so "without lawful authority or permission," 18 U.S.C. § 1793, e.g., by sneaking onto federal staff housing property or otherwise ignoring directives from institution staff in charge of the premises. We conclude that Walden's disciplinary conviction for violating Code 197 fails to satisfy the "some evidence" standard outlined in Hill. In turn, we find it necessary to remand this case to the district court to determine appropriate habeas relief.

Petitioner's motion to proceed on appeal without prepayment of costs or fees is GRANTED. The judgment of the district court is REVERSED and the case REMANDED to the district court with directions to enter habeas relief in favor of petitioner.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

6

No. 03-1461, Walden v. Gallegos
**LUCERO**, Circuit Judge, concurring.

I join in my colleague's opinion. I agree that the violation of the BOP regulation, which prohibits the encouragement of a group demonstration, is not before us because it was expunged by the disciplinary hearing officer. I also agree that the BOP has failed to cite to any specific statute that would identify the criminal activity aspect of the remaining charge against Walden.

It could be that the defendant's encouragement of his wife and others to go to the warden's home, knock on his door, and protest may raise other potential criminal charges, but it is not our duty to speculate about other potential charges; rather it is the BOP's duty to raise them. BOP has failed to do so.