YOUNG v PAROLE BOARD

Docket No. 66762. Decided June 28, 1982. On application by the plaintiff for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to that Court. Rehearing denied 414 Mich 1102.

   L. C. Young, a prisoner in the custody of the Department of Corrections, brought an action for mandamus in the Court of Appeals for an order directing the Parole Board to afford the plaintiff a new parole hearing on the ground that the board's practice of conducting hearings before one or two members of the board did not comply with statutory requirements. The Court of Appeals, N. J. Kaufman, P.J., and V. J. Brennan and Bashara, JJ., denied relief in an unpublished order (Docket No. 53282). The plaintiff seeks leave to appeal.

   In a unanimous opinion per curiam, the Supreme Court *held:*

   The statute governing hearings on the granting of parole by the Parole Board requires that a prisoner who is eligible for parole must be brought before the board, meeting with at least a quorum. Hearings conducted before one or two members of the board do not fulfill the statutory requirement. The judgment of the Court of Appeals is reversed and the case is remanded to that Court for entry of an order of mandamus.

   Reversed and remanded.

L. C. Young, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Stephen F. Schuesler,* Assistant Attorney General, for defendant Parole Board.

PER CURIAM. The plaintiff contends that the Parole Board is violating MCL 791.235; MSA 28.2305 by conducting parole interviews before one or two members of the board rather than before the board itself. We agree; the plaintiff is to be

given a new parole hearing conducted in accordance with the statute.

## I

The plaintiff is in the custody of the Department of Corrections under judgments of sentence issued by the Recorder's Court of Detroit and the Fourth Judicial Circuit. He was first considered for parole on March 15, 1977, when he met with two members of the Parole Board. He was notified that the board had deferred his case for 12 months:

"At this time the board does not have the assurances required by statute that he will not be a menace to the public if released."

He had a similar interview with two members of the board on March 7, 1978, with similar result. The pattern continued on March 7, 1979, and on March 31, 1980, except that in 1979 and 1980, he met with only one member of the board.

The plaintiff filed a complaint for mandamus in the Court of Appeals. The complaint alleged in part that the Parole Board, through its system of one- or two-person interviews with prisoners, was not complying with MCL 791.235; MSA 28.2305, which provides:

"The release of a prisoner on parole shall be granted solely upon the initiative of the parole board. At least 1 month prior to the expiration of the minimum term of each prisoner eligible for parole, less good time or special good time allowances, *it shall be the duty of the parole board to cause each prisoner to be brought before it, together with all pertinent information with regard to such prisoner.* Included in such information shall be a report of the warden of each prison or reformatory in which such prisoner has been confined

as to the prisoner's conduct with a detailed statement as to all infractions of rules and discipline, punishment given to such prisoner and the circumstances connected therewith; the extent to which such prisoner appears to have responded to the efforts made to improve his social attitude; the prisoner's industrial record while confined, the nature of such occupation, and a recommendation as to the kind of work he is best fitted to perform and at which he is most likely to succeed when he is released; and the results of such physical, mental and psychiatric examinations as have been made of the prisoner. The parole board shall reach its own conclusions as to the desirability of releasing such prisoner on parole. All decisions of the parole board shall be by majority vote." (Emphasis added.)

## II

The Court of Appeals denied relief, and the plaintiff has presented the issue to this Court.

The Attorney General, representing the Parole Board, acknowledges that the board is proceeding on the basis alleged by the plaintiff. He argues, with support from statistics from the Department of Corrections, that, if the full board or a quorum of it were required to have each prisoner reaching his or her minimum term brought before it, the board could not meet its statutory duty to consider all those eligible or the duty administratively[1] assumed to consider those passed over for parole the previous year. For example, there were 6,893 parole hearings in 1979. The fact, however, that an executive department is logistically incapable of meeting a legislative mandate is an argument to

---

[1] 1979 AC, R 791.7710(2)(c).

be addressed to the Legislature so that it can change its mandate or increase the executive department's ability to achieve it.[2] The requirements of the statute must be met in the meantime.

The Attorney General also points out that the Legislature has authorized parole revocation hearings to be heard by only two members of the Parole Board. MCL 791.240a; MSA 28.2310(1). It is said to be anomalous to provide a hearing before the full board on the discretionary decision to grant or deny parole while authorizing two members of the board to determine whether parole should be revoked. Anomalous or not, that is what the Legislature provided. We see no room for interpretation of legislative intent with the clear language chosen. MCL 791.240a; MSA 28.2310(1) tends to support the plaintiff, in fact, since the Legislature clearly enacted a provision for hearing by less than the full board when it intended that procedure.

MCL 791.235; MSA 28.2305 means what it says. The board, meeting with at least a quorum, must "cause each [eligible] prisoner to be brought before it". In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand the case to that Court for issuance of an order of mandamus consistent with this opinion.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

[2] The Legislature has, for example, over the years increased the board from three to seven. 1937 PA 255, 1947 PA 4, 1953 PA 232, 1976 PA 234.