**Chauncey BENNETT, Appellant,**

v.

**Barbara RIDLEY, Director, District of Columbia Board of Parole, Appellee.**

No. 92–SP–379.

District of Columbia Court of Appeals.

· Submitted June 2, 1993.

Decided Nov. 22, 1993.

---

Mack E. Davis was on the brief, for appellant.

Mary L. Wilson, Asst. Corp. Counsel, with whom John Payton, Corp. Counsel, were on the memorandum in lieu of a brief, for appellee.

Before ROGERS, Chief Judge, FERREN, Associate Judge, and NEWMAN, Senior Judge.

ROGERS, Chief Judge:

Appellant, Chauncey Bennett, appeals from the summary denial of his petition for a writ of habeas corpus on the grounds that he was entitled to a proper hearing and decision regarding the revocation of his parole by the District of Columbia Board of Parole. He maintains that the Parole Board violated his due process rights as well as his rights under the Board's statute and regulations. Specifically, he contends that he was wrongly accused of parole violations, his parole detainer was not timely executed, and he was denied a preliminary interview as well as a timely parole revocation hearing before the Parole Board. In addition, he maintains that the Parole Board failed to comply with contested case requirements under the D.C. Administrative Procedure Act, D.C.Code § 1–1509(d) (Repl.1992). Finding these contentions unpersuasive, we affirm.

## I.

On March 21, 1984, appellant was sentenced to fifteen years under the Federal Youth Corrections Act, 18 U.S.C. § 5010(c) (repealed 1984) for armed robbery and attempted unauthorized use of a vehicle. He was released on parole on December 14, 1989. On June 27, 1990, his parole officer reported that appellant had violated six conditions of his parole: testing positive for opiates and for cocaine, failing to hold a job, failing to verify job efforts as directed, failing to follow through on a referral to the STEP program of the Department of Employment Services, and failing to obey all laws. Appel-

lant was convicted, while on parole, of unauthorized use of an automobile.[1]

The Parole Board issued a detainer warrant on August 22, 1990. Appellant was notified of his revocation hearing on August 14, 1991. A parole revocation hearing was held on August 29, 1991, before Hearing Examiner Lyons. The Parole Board issued a notice revoking appellant's parole on September 4, 1991.

On January 16, 1992, appellant *pro se* filed a petition for habeas corpus, which was denied by the trial judge on February 14, 1992. The judge also denied appellant's two *pro se* motions, which the trial judge treated as motions for reconsideration, on March 16, 1992. Appellant appeals from the denial of his petition for habeas corpus and from the denial of his motions for reconsideration.

## II.

◼ The writ of habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose—the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty." *Jones v. Cunningham,* 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). Under the District's habeas statute, D.C.Code § 16–1901 (Repl.1989), issuance of the writ is simply a means of bringing the petitioner before the Superior Court for a hearing on the petitioner's claim for relief. *Cf. Christian v. United States,* 394 A.2d 1, 43 (D.C.1978), *cert. denied,* 442 U.S. 944, 99 S.Ct. 2889, 61 L.Ed.2d 315 (1979); *Lewis v. Stempson,* 737 F.Supp. 667, 669 (D.D.C. 1990). After the hearing, if the court determines that the petitioner's detention is unlawful, the court must grant the relief requested in the petition, including release or conditional release, if appropriate. If the court determines that detention is lawful, the court must deny the relief requested. *See Mizell v. Attorney General,* 586 F.2d 942, 947 (2d Cir.1978) (interpreting 28 U.S.C. § 2243, the federal habeas corpus provision), *cert. denied,* 440 U.S. 967, 99 S.Ct. 1519, 59

L.Ed.2d 783 (1970). As the Supreme Court said over forty years ago:

> The historic and great usage of the writ, regardless of its particular form, is to produce the body of a person before a court *for whatever purpose might be essential to the proper disposition of a cause.* The most important result of such usage has been to afford a swift and imperative remedy in all cases of illegal restraint upon personal liberty.

*Price v. Johnston,* 334 U.S. 266, 283, 68 S.Ct. 1049, 1059, 92 L.Ed. 1356 (1948) (emphasis added); *see Stewart v. Overholser,* 87 U.S.App.D.C. 402, 405, 186 F.2d 339, 342 (1950) (en banc) (habeas corpus proceedings should be conducted with a liberal judicial attitude, given broadly remedial nature of the writ).

◼ In order for a writ of habeas corpus to issue, however, "the facts set forth in the petition [must] make a prima facie case." D.C.Code § 16–1901(a) (Repl.1989); *see United States v. Tuck,* 194 U.S. 161, 170, 24 S.Ct. 621, 623, 48 L.Ed. 917 (1904). It is enough if an inmate "present[s] an allegation and supporting facts which, if borne out by proof, would entitle him [or her] to relief." *Price, supra,* 334 U.S. at 292, 68 S.Ct. at 1063. On a petition for a writ of habeas corpus, the court does not review the merits of the Board's decision, but only "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted," in order to determine whether there has been an abuse of discretion. *In re Tate,* 63 F.Supp. 961, 962 (D.D.C.), *aff'd, Fleming v. Tate,* 81 U.S.App. D.C. 205, 207, 156 F.2d 848, 850 (1946); *id.* at 963 (citing *Escoe v. Zerbst,* 295 U.S. 490, 493–94, 55 S.Ct. 818, 818–19, 79 L.Ed. 1566 (1935)); *see also Shelton v. United States Bd. of Parole,* 128 U.S.App.D.C. 311, 320, 388 F.2d 567, 576 (1967) (citation omitted). Appellant's due process contention arises from his claim that the Board did not follow its own statute and regulations in revoking his parole. *See* D.C.Code § 24–201.2 (Repl.

---

1. On August 9, 1990, appellant pled guilty to a charge of unauthorized use of a vehicle and was sentenced to sixteen to forty-eight months. On July 15, 1991, the Parole Board granted appellant parole on this sentence.

1989); 28 DCMR § 219 (1987). We find no basis to conclude that the trial judge erred in summarily denying his petition and his motions for reconsideration.

## A.

 *Preliminary interview:* Although the record does not reflect that appellant received an interview described as a "preliminary interview" in the regulations, the Notice of Hearing and Rights served the regulatory purpose.[2] The regulation provides that "[t]he purpose of the preliminary interview shall be to give the alleged violator notice of the following": (a) the substance of the alleged violations, (b) notice of the right to the disclosure of evidence, the opportunity to be heard in person, present witnesses and confront and cross-examine adverse witnesses at a hearing, a written statement of the final determination, (c) the approximate time, place, and purpose of the revocation hearing, and (d) that if the defendant waives these rights the preliminary interviewer will conduct the revocation hearing at that time and place. 28 DCMR 219.1 (1987). Because the Notice of Hearing and Rights fulfilled all of the requirements of the preliminary interview by giving appellant notice of all his rights as listed in subsections (a)-(d), we are unable to conclude that appellant did not receive the required interview. Even assuming that he did not, it is clear that any error was harmless since appellant has failed to demonstrate any prejudice. *See Banks v. Ferrell,* 411 A.2d 54, 56 (D.C.1979). Appellant signed the notice and acknowledged that his revocation hearing would take place as stated in the notice. While the notice provided him with the opportunity to indicate that he wished to assert other rights, he did not do so, and he has failed to produce any evidence to suggest that he did not waive those rights.[3]

## B.

 *Board decision:* Appellant also contends that his parole revocation was invalid because it was not made at a meeting of the Board of Parole, but by three members acting separately.[4] In support of this argument, appellant relies solely on D.C.Code § 24–201.2.[5] He construes the statutory language to mean that "Board decisions must be rendered at Board meetings at which a quorum is present." However, the statute provides only that a majority of the quorum of three Board members must make the determination to revoke parole; it does not require that the vote take place at a meeting of the Parole Board.[6] Appellant has not cited

2. Appellant contended below that his parole detainer was not timely executed. Although he mentions this argument in one sentence in his brief neither side has argued the issue on appeal. It is, in any case, meritless, as the Supreme Court has held that "it is appropriate that [a revocation hearing] be held ... at the expiration of the parolee's intervening sentence." *Moody v. Daggett,* 429 U.S. 78, 89, 97 S.Ct. 274, 280, 50 L.Ed.2d 236 (1976).

3. The hearing examiner noted that appellant had been advised of his procedural rights and understood them.

4. We need not reach appellant's contention that the Parole Board failed to comply with the requirements for examining the record since the Board could properly decide whether to revoke appellant's parole on the basis of the results of a revocation hearing held by a duly appointed subordinate. Appellant does not claim that the Board could not properly direct that a revocation hearing be held by its designated examiner. *See Morgan v. United States,* 298 U.S. 468, 481–482, 56 S.Ct. 906, 911–912, 80 L.Ed. 1288 (1936) (decision-maker may reach decision based on

evidence heard by examiner); 3 KENNETH C. DAVIS, ADMINISTRATIVE LAW TREATISE, § 17.2 (2d ed. 1980). In any event, appellant does not suggest in what manner the Board failed to make a proper examination of his record.

5. D.C.Code § 24–201.2 provides, in pertinent part, that:

 (a) The Board shall ... (4) [D]etermine if and when to terminate parole or conditional release or to modify the terms or conditions of parole or conditional release.
 (b) A quorum shall consist of 3 members of the Board. All decisions regarding approval, denial, or revocation of parole shall be by majority vote of the Board.
 (c) The Chairperson shall preside at meetings of the Board and provide for and supervise the administrative and ministerial activities and personnel of the Board.

6. *Cf. Young v. Parole Bd.,* 413 Mich. 536, 321 N.W.2d 374, 375–76 (1982) (statute providing that a prisoner to be brought before Board meeting with at least a quorum); *Commonwealth of Pennsylvania ex rel. Rambeau v. Rundle,* 455 Pa.

and we have not found any case on point.[7] The government's memorandum in lieu of a brief states simply that "[t]here is no requirement that the Board meet as a group before individual Board members render their decisions." Clearly, the quorum requirement imposes a limitation on the Board in addition to the requirement that its decisions be by a majority vote of the Board. But, the statutory language does not explicitly require that the Parole Board vote occur at a Board meeting. *See J. Parreco & Son v. Rental Housing Comm'n*, 567 A.2d 43, 46 (D.C.1989); *Peoples Drug Stores v. District of Columbia*, 470 A.2d 751, 754 (D.C.1983) (en banc).

## C.

■ *Contested case procedures:* Finally, appellant contends that the Parole Board failed to comply with D.C.Code § 1–1509(d) (Repl.1992), which requires that where a majority of those to render a final decision did not personally hear evidence, no adverse decision may be rendered until a proposed order has been provided to each party in a contested case allowing those adversely affected to file exceptions. Assuming, without deciding, for the purposes of this appeal that the Board erred in not providing appellant with a proposed order and opportunity to note objections, the error was harmless.[8] *See Banks v. Ferrell, supra*, 411 A.2d at 56.

■ Although appellant contends that he would have challenged certain of the statements in the hearing examiner's report on hearsay grounds, he does not dispute that while on parole he was convicted of unauthorized use of an automobile. *Cf. Morrissey v. Brewer, supra*, 408 U.S. at 490, 92 S.Ct. at

2605 ("parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime"). Furthermore, his hearsay claim is meritless. Appellant admitted to the hearing examiner that he had violated his parole in regard to his new conviction, his unemployment, his failure to make diligent efforts to find employment, and his failure to carry out instructions from his parole officer. Under D.C.Code § 24–206(a) (Repl.1989), making statements to the hearing examiner is tantamount to a statement to the Board. *See Powell v. United States*, 414 A.2d 530, 533 (D.C.1980) (per curiam) (citing *Johns v. Cottom*, 284 A.2d 50, 52 (D.C.1971)); *cf. Jadallah v. District of Columbia Dep't of Employment Servs.*, 476 A.2d 671, 676 (D.C.1984).

Accordingly, we affirm the order denying appellant's petition for a writ of habeas corpus and the orders denying his motions for reconsideration.

8, 314 A.2d 842, 848 (1974) (prisoner has due process right to be heard by whole Board which must evaluate whether reasonable cause exists to believe parole has been violated; no reference to a delegation of authority to conduct the revocation hearing as in 28 DCMR 219.4 (1987)) (citing *Morrissey v. Brewer*, 408 U.S. 471, 487, 92 S.Ct. 2593, 2603, 33 L.Ed.2d 484 (1972)).

7. *See, e.g., Alonzo v. Louisiana Dep't of Highways*, 268 So.2d 52, 54 (La.Ct.App.1972) (where the Board had met, the court stated that "when a quorum of three members of the State Civil Service Commission are present" their actions are valid; *Davidson v. State*, 248 Ind. 26, 221 N.E.2d

814 (1966) (same), *cert. denied*, 387 U.S. 911, 87 S.Ct. 1696, 18 L.Ed.2d 631 (1967); *In re McGovern*, 291 N.Y. 104, 51 N.E.2d 666, 667 (1943) (statute required a meeting; issue was whether action at a meeting without a quorum was valid).

8. *Cf. Clardy v. Levi*, 545 F.2d 1241, 1245 (9th Cir.1976) ("Congress responded to *Pickus [v. United States*, 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974) (holding § 553 of the federal Administrative Procedure Act applicable to U.S. Parole Board)] by carefully excluding from the scope of the APA all functions of the new Parole Commission other than the rulemaking process") (footnote omitted).