Ronald L. JONES, Appellant,

v.

Bernard BRAXTON, Appellee.

No. 93–SP–209.

District of Columbia Court of Appeals.

Submitted April 5, 1994.
Decided May 9, 1994.*

Gerson Simon, appointed by the court, was on the brief for appellant.

John Payton, Corp. Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corp. Counsel, and Mary L. Wilson, Asst. Corp. Counsel, were on the brief for appellee.

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

* This case was originally issued as a Memorandum Opinion and Judgment on May 9, 1994. It is being published, with minor changes, upon the court's grant of appellee's motion to publish.

PER CURIAM:

This is an appeal from the trial court's denial of a petition for a writ of habeas corpus[1] in which appellant alleged: (1) that the D.C. Board of Parole ("Board") violated his right to due process and equal protection by failing to adhere to the timeframes for scheduling a reconsideration hearing date set forth in 28 DCMR § 104 (1988),[2] and (2) that § 104.11, which allows the Board to choose a hearing date that exceeds the suggested timeframes, is unconstitutionally vague. We agree with the trial court that appellant failed to make a showing entitling him to relief. *See Bennett v. Ridley*, 633 A.2d 824, 826 (D.C.1993); D.C.Code § 16–1901(a) (1989). Therefore, we affirm.

■ On May 11, 1992, citing appellant's "repeated or extremely serious negative institutional behavior," the Board denied appellant parole and scheduled a reconsideration hearing for October 30, 1993, eighteen months later. Appellant argues that the language of the regulation regarding timeframes for reconsideration hearings is mandatory and, thus, creates a liberty interest protected by the due process clause. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, the regulation is clearly not mandatory in that it states that reconsideration hearings "shall *ordinarily* occur within [a specified number of] months." 28 DCMR §§ 104.1, 104.2, 104.4–9 (emphasis added). Further, § 104.11 expressly authorizes the Board to disregard the suggested timeframes in favor of the

"parole reconsideration date it determines to be appropriate." Thus, the regulatory language does not create an interest protected by the due process clause. *See White v. Hyman*, 647 A.2d 1175 (D.C.1994); *see also Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506 (1989); *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).[3]

■ Appellant argues that § 104.11 is unconstitutionally vague because it includes no standards to guide and constrain the Board in its discretionary determinations as to when a reconsideration hearing is appropriately scheduled. The vagueness doctrine, which is meant to prevent arbitrary enforcement of criminal laws, is inapplicable here. *See* 1 W. LaFave & A. Scott, Jr., Substantive Criminal Law § 2.3(c) (1986). This regulation governing the scheduling of parole hearings does not prohibit conduct nor impose sanctions.[4]

*Affirmed.*

Associate Judge STEADMAN concurs in the result.

1. In his *pro se* petition, appellant had cited D.C.Code § 23–1601. No such section exists. Presumably, appellant had reference to § 16–1901.

2. Appellant relies upon § 104.5, which applies to the scheduling of reconsideration hearings after parole revocation and states that a reconsideration hearing "shall ordinarily occur within six (6) to nine (9) months." As the Board denied rather than revoked appellant's parole on the occasion at issue here, § 104.2 is the applicable statutory provision. It states that a reconsideration hearing "shall *ordinarily* occur within twelve (12) months." (Emphasis added.)

3. Appellant has not alleged that the Board treated him differently than other persons presented to the Board with a similar history of negative

institutional behavior, nor that the Board acted with intent to disadvantage him relative to others. Therefore, he has failed to make the necessary predicate showing for an equal protection claim. *See Brandon v. District of Columbia Bd. of Parole*, 262 U.S.App.D.C. 236, 242–43, 823 F.2d 644, 650–51 (1987). The trial court did not err in not holding an evidentiary hearing as the showing made did not entitle it.

4. Appellant also alleges that the Board's conclusion that he engaged in negative institutional behavior was based on inaccurate information regarding the number of times he escaped from the halfway house and that his Point Assignment Grid score (which serves merely as a guide to the Board) was improperly calculated. We need not reach these claims as "[o]n a petition for a writ of habeas corpus, the court does not review the

merits of the Board's decision" but only the manner in which the revocation hearing was conducted. *Bennett v. Ridley, supra,* 633 A.2d at 826. Nevertheless, we note that even if we assume the actual number of escapes was four rather than five, and that appellant's Point Assignment Grid score was not entirely correct, appellant admits that he escaped from his halfway house for a five-month period in 1991 (missing a reconsideration hearing scheduled for September 27, 1991), and does not dispute continuing problems related to alcohol abuse. On these facts, appellant's parole was denied with justification, 28 DCMR § 200.1 (1987), and scheduling of his reconsideration hearing eighteen months hence was appropriate.