Roland W. BROWN–BEY, Appellant,

v.

Erias A. HYMAN, et al., Appellees.

No. 93–SP–1162.

District of Columbia Court of Appeals.

Submitted Sept. 28, 1994.

Decided Oct. 20, 1994.

Richard Tillman Moore, Washington, DC, appointed by the court, was on the brief for appellant.

Vanessa Ruiz, Acting Corp. Counsel at the time the brief was filed, Charles L. Reichel, Deputy Corp. Counsel, and Sonia A. Bacchus, Asst. Corp. Counsel, were on the brief for appellees.

Before STEADMAN and KING, Associate Judges, and BELSON, Senior Judge.

KING, Associate Judge:

Appellant Roland W. Brown–Bey appeals the dismissal of his petition for a writ of habeas corpus, filed pursuant to D.C.Code § 16–1901 (1989), in which he challenged the rescission of his parole by the District of Columbia Parole Board ("the Board"). He principally claims that the Superior Court erred in not conducting a hearing before denying his petition. He further contends he was denied statutory and constitutional procedural rights in that he was not given written notice of the rescission hearing, not given notice, verbal or written, of the evidence against him, and not informed of the right to the assistance of counsel or to present evidence on his own behalf. Brown–Bey also contends the Board erred in failing to state

reasons for imposing a three-year set-off.[1] Finding no error, we affirm.

## I.

Brown–Bey was sentenced in 1989 to a term of three to nine years for attempted distribution of PCP. On August 24, 1990, the Board granted him parole, effective on January 24, 1991. On August 30, 1990, he was transferred from Occoquan to Community Correctional Center No. 4 (a halfway house) ("the Center"), and on September 29, 1990, he signed out of the Center to go to 1633 Q Street, N.W. for employment purposes. He failed to return to the Center and remained at large until the following summer.

On December 7, 1990, because of the escape, the Board set aside the parole order pending a rescission hearing once Brown–Bey was returned to custody. He was apprehended in July 1991, and at a rescission hearing held on November 14, 1991, Brown–Bey admitted that he had not returned to the Center and that he had been on escape status for approximately nine months. The Board rescinded the parole order and imposed a three-year set-off date of November 14, 1994. On July 9, 1993, Brown–Bey petitioned the Superior Court for a writ of habeas corpus challenging the Board's action. After the District responded to an order to show cause why the writ of habeas corpus should not issue, the Superior Court denied the petition without a hearing and discharged the show cause order. This appeal followed.

## II.

■ In reviewing a petition for a writ of habeas corpus challenging a parole revocation, the trial court must determine "whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was conducted...." *Bennett v. Ridley*, 633 A.2d 824, 826 (D.C.1993) (citation omitted). The court does not review the merits of the Board's decision.[2] *Id.*

■ Appellant was not entitled to a hearing on his habeas corpus petition. Where it is clear from the record that the petitioner is not entitled to relief, or that no issue of fact is involved, the judge may dismiss the petition without a hearing. *See Bennett, supra,* 633 A.2d at 826 (hearing necessary where allegations and supporting facts, if proved, would entitle petitioner to relief); *Dorsey v. Gill,* 148 F.2d 857 (D.C.Cir.) (hearing was not necessary on habeas corpus petition presenting no factual or legal issues), *cert. denied,* 325 U.S. 890, 65 S.Ct. 1580, 89 L.Ed. 2003 (1945). The claims presented in this petition could be resolved, as discussed below, by reference to the filings of the parties. Therefore, the trial court did not err in dismissing the case without conducting a hearing.

■ Appellant contends the Board did not follow its own statutes and regulations in rescinding his parole, and that it violated the due process standards established by the Supreme Court in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). The due process claim is unavailing because although, pursuant to *Morrissey,* due process procedures are mandated for parole revocation, no such protections are required for parole *rescissions. Jago v. Van Curen,* 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (parole board can rescind a parole order before it becomes effective without granting a hearing). Appellant's parole order was rescinded, not revoked, because he escaped from the halfway house before his parole began. Consequently, he had no liberty interest that required due process protection. *Jago, supra,* 454 U.S. at 20–21, 102 S.Ct. at 35–36; *see also, Whitehorn v. Harrelson,* 758 F.2d 1416, 1421–22 (11th Cir. 1985) (while prisoner in halfway house enjoys conditional liberty he has not been released from institutional life altogether; thus continued participation in halfway house is not a protected liberty interest); *Koptik v. Chappell,* 321 F.2d 388, 392 (D.C.Cir.1963) (until a prisoner is actually released, board has power to modify or retract parole that it grant-

---

1. In parole terminology, the "set-off" is the period an inmate who has been denied parole must wait in order to be reconsidered for parole. *See* 28 DCMR § 104.

2. We see no basis for applying a different standard for a rescission of parole as occurred here.

ed). Further, we know of no statutes or regulations conferring the procedural rights appellant claims he was entitled to receive and appellant has called none to our attention. *See Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (regulation confers substantive due process rights only if it significantly limits official discretion).

 Lastly, Brown–Bey asserts that the Board's action in departing from the parole regulation by scheduling his reconsideration date later than the prescribed set-off,[3] and for not stating its reasons for having done so, violated his due process rights. The Board's determination of an appropriate set-off date does not implicate due process considerations. *White v. Hyman,* 647 A.2d 1175 (D.C.1994) (a prisoner has no cognizable habeas corpus rights with respect to a set-off period). Furthermore, another regulation[4] confers discretion on the Board to establish set-off dates.[5] Finally, we are aware of no provision in effect at the time the Board acted requiring the Board to provide reasons for selecting a particular set-off date,[6] although, as the District observed in its brief, that decision was certainly warranted in light of appellant's escape from the halfway house and his absence for a period in excess of nine months. *See White, supra* at 1180.

Accordingly, we conclude that the trial court did not err in dismissing the petition without a hearing.

*Affirmed.*

---

**3.** 28 DCMR § 104.2 states:
When the Board denies parole and orders reconsideration for a person serving a maximum sentence of less than five (5) years or more, reconsideration shall ordinarily occur within twelve (12) months.

**4.** 28 DCMR § 104.11 (1987) provides:
Notwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate.

**5.** Appellant's challenge to the selection by the Board of a three-year set-off goes to the merit of the Board's decision, and we do not review the

merits of Board decisions. *Bennett, supra,* 633 A.2d at 826.

**6.** Subsequent to the Board's action in this case, the Board issued a "Policy Guideline" which includes a provision requiring a written explanation for such a departure. *See White v. Hyman, supra,* at 1180 n. 8. We express no view concerning the Board's obligations, if any, pursuant to these "Policy Guidelines," with respect to actions of this nature taken after their effective date.