John SMITH, Appellant,

v.

Margaret QUICK, Chairperson,*
District of Columbia Board
of Parole, Appellee.

No. 94–SP–408.

District of Columbia Court of Appeals.

Argued May 16, 1996.
Decided June 3, 1996.**

---

\* Margaret Quick is the successor to Erias Hyman as Chairperson of the Board of Parole.

\*\* The decision in this case was originally issued as a Memorandum Opinion and Judgment. The court has granted a motion for publication.

Karl N. Metzner, appointed by this court, Washington, DC, for appellant.

Mary L. Wilson, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief for appellee.

Before FERREN and REID, Associate Judges, and BELSON, Senior Judge.

BELSON, Senior Judge:

Appellant John Smith petitioned the Superior Court for a writ of habeas corpus following the Board of Parole's denial of parole and its scheduling of parole reconsideration for nearly three years after that denial. The Superior Court denied and dismissed both the petition and appellant's subsequent motion for reconsideration. Appellant argues on appeal that the court erred in refusing to grant the petition because the Board of Parole violated appellant's right to procedural due process in denying him parole. We affirm.

## I.

Appellant is serving an aggregate sentence of eighteen to fifty-four years imposed in 1980 by the Superior Court for rape, second-degree burglary, and assault. Appellant also has a juvenile record, including rape and robbery by force and violence. In April of 1993, the chief psychologist of the Department of Corrections psychological services unit conducted a mental status examination of appellant, and expressed some concerns about appellant's potential adjustment to life in the community. The Department of Corrections (not the Board of Parole) placed appellant in a halfway house in July of 1993 in spite of the doctor's concerns, and recommended to the Board of Parole that appellant be paroled through a period of work release.

The Board of Parole considered appellant's parole on August 20, 1993. Appellant had a "point assignment grid" score of 2, indicating that parole with a high level of supervision would generally be granted under 28 D.C.M.R. § 204.19 (1987). The Board continued the case in order to procure a forensic mental health report of appellant. This report was completed in October of 1993, and the psychologist expressed concerns about appellant's ability to adapt to the unstructured environment of the community. The Board reviewed this additional information and denied parole in December of 1993. The Board also scheduled his parole reconsideration for October of 1996. After appellant's parole was denied, he was transferred from the halfway house to the jail and then back to Lorton.

Appellant filed a petition for writ of habeas corpus, arguing that the decisions to deny parole and require appellant to wait three years for reconsideration were made in an arbitrary and capricious manner, that the Board violated its own regulations as well as appellant's due process rights, and that he was wrongfully transferred from the halfway house to Lorton. The Superior Court denied and dismissed the petition without a hearing, and subsequently denied appellant's motion to reconsider. Appellant filed a timely appeal.

## II.

We do not review the merits of the Board's decision in denying parole, and are limited to a review of the procedures used by the Board in reaching its decision. *See Bennett v. Ridley,* 633 A.2d 824, 826 (D.C.1993). Appellant argues on appeal that these procedures were insufficient in light of his liberty interest in parole created by the District's parole regulations, and therefore his due process rights were violated. Contrary to appellant's argument, we have recently held that the District's parole scheme does not create such a liberty interest in the granting of parole. *McRae v. Hyman,* 667 A.2d 1356, 1361 (D.C.1995).[1]

Appellant further argues, however, that his situation is different from that of an individual who is denied parole while in prison because appellant was in a halfway house, and therefore the Board "revoked liberty which he was already enjoying." Appellant has not argued that the regulations and procedures of the Department of Corrections regarding his placement in a halfway house created a liberty interest. Therefore, appellant's position is that a person in his particular circumstances has a liberty interest that is inherent in the Constitution. We recently held that an inmate had no liberty interest in a parole order that was rescinded because he escaped from a halfway house before his parole began; *Brown–Bey v. Hyman,* 649 A.2d 8, 9 (D.C.1994). In *Brown–Bey* we cited as authority for that holding the opinion of the Eleventh Circuit in *Whitehorn v. Harrelson,* 758 F.2d 1416, 1421–22 (11th Cir. 1985), which held that while a prisoner involved in a work release program and living in a work release center may have enjoyed some conditional liberty, he had not been released from institutional life altogether, and therefore he did not have a constitutionally-derived liberty interest in remaining in the program. *Id.; see also Brennan v. Cunningham,* 813 F.2d 1, 5–6 (1st Cir.1987) (finding no liberty interest inherent in the Constitution in remaining in a halfway house work release program); *cf. Harper v. Young,* 64 F.3d 563, 566–67 (10th Cir.1995), *cert. granted,* —— U.S. ——, 116 S.Ct. 1846, 134 L.Ed.2d 948 (U.S.1996) (finding constitutionally-derived liberty interest in preparole conditional supervision status where inmate was allowed to work and live outside of penal institution; court noted that in *Brennan* and *Whitehorn* the inmates continued to live in institutional settings). The clear import of *Brown–Bey* and *Whitehorn* is that the Constitution does not create a liberty interest in remaining in a halfway house. In light of *McRae, supra,* we conclude further that appellant's placement in a halfway house and the District's parole scheme do not combine to create a constitutional liberty interest.

In addition to appellant's due process arguments, appellant also alleges that the Board failed to comply with 28 D.C.M.R. § 204.22 (1987), which requires the Board to specify in writing the factors which led to the denial of parole when the results of the scoring system are waived. We find, however, that the Board did indicate factors favoring continued incarceration, including appellant's need for rehabilitative services as well as his history of assaultive criminal behavior. Therefore, the Board sufficiently explained its reasons for deviating from the scoring system.

*Affirmed.*

---

**1.** *McRae, supra,* was decided after the Supreme Court decided the case of *Sandin v. Conner,* —— U.S. ——, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Therefore, appellant's argument that we need to revisit this issue in light of *Sandin* is meritless.