**Brian COLE, Petitioner,**

v.

**Dennis HARRISON, Respondent.**

**No. CIV.A. 00–1492(RBW).**

United States District Court, District of Columbia.

May 29, 2002.

Mr. Brian Cole, Greensville Correctional Center, Jarrett, VA, for Petitioner.

Robert D. Okun, Esq., Chief, Special Proceedings Section, Washington, Counsel for United States.

## MEMORANDUM OPINION

WALTON, District J.

Petitioner, Brian Cole, was sentenced in the Superior Court of the District of Co-lumbia in 1990 to 13 years and 6 months to 45 years in prison for voluntary manslaughter while armed. On May 14, 1998, petitioner received his initial parole hearing from the District of Columbia Board of Parole ("Board"). In a Notice of Board Order, dated May 20, 1998, petitioner was "granted parole to supervision with approved plan on or after August 10, 1998." *See* U.S. Parole Commission's Opposition to Petition for Habeas Corpus ("Parole Comm'n Opp."), Exh. C (Notice of Board Order). Petitioner was then transferred to a halfway house in anticipation of his release on parole when the Board set aside the grant of parole "pending a rescission hearing by 10/10/1998." *See Id.,* Exh. E (Notice of Board Order dated August 14, 1998). The rescission hearing was necessary to allow the victim's family to participate at the parole hearing, as required by D.C.Code § 23–103a(b)(1) (2001). *See Id.,* Exh. F (Notice of Action). Petitioner was given a new "initial" parole hearing by the United States Parole Commission ("Commission") on December 4, 1998, at which five members of the victim's family were present. *Id.,* Exh. G (D.C. Reconsideration Hearing, at 1–2). They asked the Commission to not release petitioner from custody. *Id.* at 2.

In a Notice of Action dated January 14, 1999, the Commission denied petitioner parole and scheduled a rehearing in December, 2003. Its decision was a departure from the 1987 guidelines of the Board which had indicated that parole should be granted. The Commission's reasons for denying parole was that

> You committed an extremely brutal murder in which you stabbed the victim over a hundred times, leaving her body almost unrecognizable. Also, after you murdered the victim you made no effort to contact the authorities or her family, remaining with the body in the victims

apartment for 3 days before the crime was discovered.

*See* Parole Comm'n Opp., Exh. H (Notice of Action).

## DISCUSSION

Petitioner brings this petition for a writ of habeas corpus to challenge the Commission's January 14, 1999 Notice of Action denying him parole and setting a parole rehearing date in approximately four years, specifically, in December, 2003. Petitioner argues that the Commission denied him due process in rescinding parole after he had already been granted parole and by not permitting him to confront and cross-examine adverse witnesses. Further, petitioner contends that the Commission's decision violated the *ex post facto* clause. Petitioner also argues that the Commission's decision is arbitrary and capricious.

 Petitioner did not acquire a liberty interest as a result of the initial order that granted him parole and that order was subject to rescission without affording him due process at any time prior to his release from custody. *See Jago v. Van Curen*, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981) (decision to rescind parole not subject to due process protection where parole regulations do not give rise to a constitutionally protected liberty interest in parole); *but see Green v. McCall*, 822 F.2d 284, 288–89 (2d Cir.1987) (finding liberty interest in Commission's presumptive parole date). Nor did petitioner have a liberty interest to remain in the halfway house. *Smith v. Quick*, 680 A.2d 396, 398 (D.C.1996) (collecting cases). Nor can there be a liberty interest created by the parole hearing itself which would entitle petitioner to confront and cross-examine adverse witnesses. *See Brandon v. Dis-*

*trict of Columbia Board of Parole*, 823 F.2d 644, 648–49 (D.C.Cir.1987). Because no liberty interest was at stake at his parole rescission hearing, petitioner has not stated a due process claim regarding the rescission decision. *Brown–Bey v. Hyman*, 649 A.2d 8, 9 (D.C.1994).

Even if petitioner had a liberty interest at his rescission hearing, he has not shown that he was denied his right to cross-examine witnesses. The Court of Appeals recognizes that such a right exists at parole revocation hearings where a liberty interest is at stake. *Duckett v. Quick*, 282 F.3d 844, 847–48 (D.C.Cir.2002). Like *Duckett*, however, petitioner has not established that he requested the right to cross-examine witnesses and that his request was denied. Because petitioner failed to establish that he did not waive his right to cross-examine the victim's family who testified at his parole rescission hearing, any such right he may have had was not violated. *Duckett*, 282 F.3d at 848.[1]

 Petitioner has also failed to allege an *ex post facto* violation where he was considered for parole by the Commission under the same District of Columbia guidelines that were in effect when he committed his crime in 1989. Parole Comm'n Opp., Exh. H (Notice of Action). Consequently, the Commission's denial of parole did not violate the *ex post facto* clause.

The crux of petitioner's challenge is that he prefers the Board's decision over the Commission's decision. Although petitioner's expectation of release was undoubtedly elevated by the Board's decision, his raised expectations that he might be released earlier than is now the case does not create a basis for relief. *See Davis v. Moore*, 772 A.2d 204, 219 (D.C.2001) (*en*

---

1. The right to cross-examine is not absolute. The hearing examiner may refuse to allow cross-examination if there is good cause why it should not be allowed. *Morrissey v. Brewer*, 408 U.S. 471, 484, 487, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).

*banc* ). This Court's review of the Commission's decision is nothing more than a limited determination of whether it has abused its considerable discretion. *Hackett v. United States Parole Comm'n*, 851 F.2d 127, 129–30 (6th Cir.1987); *see also Bennett v. Ridley*, 633 A.2d 824, 826 (D.C. 1993) (habeas review of parole decision limited to determining "whether there has been an abuse of discretion"). The Commission abuses its discretion only where there is no "rational basis in the record for the Commission's conclusions embodied in its statement of reasons." *Hackett*, 851 F.2d at 130 (quoting *Solomon v. Elsea*, 676 F.2d 282, 290 (7th Cir.1982)); *Gambino v. Morris*, 134 F.3d 156, 160 (3rd Cir.1998); *Bridge v. United States Parole Comm'n*, 981 F.2d 97, 105 (3d Cir.1992) (citing *Billiteri v. United States Board of Parole*, 541 F.2d 938, 946 (2d Cir.1976)) (court has no authority to substitute its discretion for that of the paroling authority).

Petitioner does not dispute the factual basis underlying the Commission's stated reason for departing from the guidelines. Rather, he argues that he has an exceptional prison record, with no prior criminal history and he points to various other mitigating factors. While this evidence is laudable, the Court cannot re-weigh the evidence that was before the Commission. Because there was a rational basis in the record for the Commission's decision to depart from its guidelines and therefore deny parole and schedule a rehearing for a later date, an abuse of discretion has not been demonstrated.

For the reasons set forth above, the petition for a writ of habeas corpus will be denied. An appropriate Judgment accompanies this Memorandum Opinion.

### JUDGMENT

For the reasons set forth in the accompanying Memorandum Opinion, it is hereby

ORDERED that the Order Directing Respondents to Show Cause [# 3] is DISCHARGED; and it is

FURTHER ORDERED that the petition for a writ of habeas corpus [# 1] is DENIED and this action is DISMISSED without prejudice. Any pending motions are denied as moot. This is a final appealable order. *See* Fed. R.App. P. 4(a).

SO ORDERED.