# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANIEL ROY,

      Plaintiff,

      v.

ISAAC FULWOOD, Jr.,

      Defendant.

Civil Action No. 09-463 (HHK)

## MEMORANDUM OPINION

Plaintiff Daniel Roy, a prisoner in federal custody under sentences imposed by the Superior Court for the District of Columbia, has filed a pro se complaint under 42 U.S.C. § 1983 against the Chairman of the United States Parole Commission for alleged due process violations. Roy seeks prospective and declaratory relief only. The Chairman has filed a motion to dismiss that is fully briefed and ripe for decision. Because the complaint fails to state a claim upon which relief may be granted, the Chairman's motion will be granted and the case will be dismissed.

## I. BACKGROUND

Now incarcerated under two sentences imposed on him in 1988, Roy has repeatedly been denied parole, the last time in 2009 after a parole hearing on November 19, 2008. Roy contends that in reaching the most recent denial, the Chairman[1] violated his due process rights by

---

[1] In his Opposition, Roy asserts that he "bought his [§ 1983] motion/civil complaint against the Commission[er] Isaac Fulwood, Jr. in his 'Offic[ia]l and Individual' capacity . . . ." Opp'n at 2. This assertion is problematic in multiple respects. First, the complaint contains no

"continuing to rely on the nature of his offense to deny parole," by "impermissibly double-counting disciplinary infractions to depart upward from the guidelines," and "by failing to follow D.C. law in requiring him to serve an additional 60 months before parole reconsideration." Compl. at 2. Acknowledging that to assert "a due process claim [he] must demonstrate the existence of a protected liberty interest in parole," *id.* at 4, Roy relies on case law interpreting other states' statutes, *id.* at 4-8, to reach the conclusion that "the District of Columbia's parole scheme creates a cognizable liberty interest in release on parole because 28 D.C. [Mun. Reg.] § 204.21 uses mandatory language," *id.* at 8. Roy seeks an order requiring the Commission to reconsider its most recent decision. *Id.* at 12. In his defense, the Chairman argues, among other things, that the complaint fails to state a claim upon which relief may be granted because Roy has no cognizable liberty interest in being released on parole. Def.'s Mem. of P. & A. at 10.

## II. DISCUSSION

A court may dismiss all or part of a complaint that fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). A court considering such a motion to dismiss must assume that all factual allegations are true, even if they are doubtful. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994) (noting that a court must construe the complaint "liberally in the plaintiffs' favor" and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged"). A court need not, however, "accept inferences drawn by plaintiffs if such inferences

suggestion that any defendant is sued in an individual capacity. Second, one cannot add a defendant in an opposition to a dispositive motion. Third, the complaint was filed against Edward F. Reilly, the past Chairman of the Commission. Clearly, Roy did not sue Fulwood in his individual capacity. Even under the liberal standard of *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the Court does not infer an individual capacity suit in this complaint.

are unsupported by the facts set out in the complaint. Nor must [a] court accept legal conclusions cast in the form of factual allegations." *Kowal,* 16 F.3d at 1276. In deciding a motion brought under Rule 12(b)(6), a court is limited to considering "the facts alleged in the complaint, documents attached as exhibits or incorporated by reference in the complaint, and matters about which [a court] may take judicial notice." *Gustave-Schmidt v. Chao,* 226 F. Supp. 2d 191, 196 (D.D.C. 2002) (citations omitted). A *pro se* complaint is entitled to liberal construction and is not held to the same standards as is a formal pleading drafted by a person trained in law. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

As an initial matter, a court must satisfy itself that it may properly exercise jurisdiction over a case. When the Chairman of the United States Parole Commission is acting pursuant to his authority under the National Capital Revitalization and Self Government Improvement Act of 1997, Pub.L. 105-33, 111 Stat. 712 ("D.C. Revitalization Act"), he is acting under color of a statute of the District of Columbia and, therefore, is subject to suit in his official capacity for prospective injunctive and declaratory relief under 42 U.S.C. § 1983. *Fletcher v. District of Columbia,* 370 F.3d 1223, 1227 (D.C. Cir. 2004) ("Because the D.C. Revitalization Act is . . . a statute [of the District of Columbia], we have no doubt the defendant members of the United States Parole Commission are amenable to suit under § 1983 for actions taken pursuant to that Act."); *Fletcher v. District of Columbia,* 481 F. Supp. 2d 156, 162 (D.D.C. 2007) ("[P]laintiff may pursue prospective injunctive and declaratory relief against the present individual Commissioners in their official capacities."); *Sellmon v. Reilly,* 551 F. Supp. 2d 66, 83 & n.12 (D.D.C. 2008) (same). Accordingly, this Court has subject matter jurisdiction over this case. Furthermore, there can be no genuine debate that this Court has long-arm personal jurisdiction

over the Chairman in cases involving disputes arising with respect to his duties under the D.C. Revitalization Act, and that venue in this district is proper. *See Fletcher v. District of Columbia,* 481 F. Supp. 2d at 169-71 (finding venue proper and that it had long-arm personal jurisdiction over Commissioners in their personal capacities).

Roy's due process claim, however, must be dismissed because the Roy has not established that he has a cognizable liberty interest in the award of parole and, therefore, has not stated a due process claim upon which relief may be granted. A liberty interest in an award of parole does not exist except where state regulations require release if certain necessary prerequisites exist. *Ellis v. District of Columbia,* 84 F.3d 1413, 1417 (D.C. Cir. 1996). As a D.C. Code offender convicted in 1988 for offenses committed when the 1987 Guidelines were in effect, Roy has been considered for parole under those guidelines. It is well-settled that those guidelines and regulations do not confer a constitutionally cognizable liberty interest.[2] *See id.,* 84 F.3d at 1420 (holding that "the regulations do not give any prisoner a liberty interest in parole"); *Brandon v. D.C. Board of Parole,* 823 F.2d 644, 647 (D.C.Cir.1987); *Hall v. Henderson,* 672 A.2d 1047 (D.C.1996); *Jones v. Braxton,* 647 A.2d 1116 (D.C.1994). Accordingly, Roy has no constitutional liberty interest in parole and his due process claim must be dismissed.

A separate order of dismissal accompanies this memorandum opinion.

HENRY H. KENNEDY, JR.
Date: February 22, 2010          United States District Judge

---

[2] Later guidelines and regulations have also been found not to confer a constitutionally cognizable liberty interest. *See Skinner v. United States Parole Comm'n,* Civil Action No. 01-277 (JMF), 2002 WL 458993, at *2 (D.D.C. Mar. 25, 2002) (finding that, as to guidelines that came into effect after the Parole Commission became responsible for the parole determinations for D.C. Code offenders, the "broad grant of discretion does not confer a liberty interest").