**Bertram T. STEVENS, Appellant,**

v.

**Margaret QUICK, et al., Appellees.**

**No. 94–SP–61.**

District of Columbia Court of Appeals.

Argued May 9, 1996.
Decided June 20, 1996.
As Amended July 30, 1996.

---

Joel R. Davidson, Quincy, MA, appointed by this court, for appellant.

Mary L. Wilson, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for appellees.

Before KING and REID, Associate Judges, and KERN, Senior Judge.

REID, Associate Judge:

Appellant Bertram T. Stevens appeals from a decision of the trial court denying his petition for writ of habeas corpus. Stevens challenged a decision of the United States Parole Commission which denied him parole reconsideration for a period of five years. He also claimed that the Department of Corrections failed to give him educational good time credits which he earned during his stay in a federal prison. For the reasons stated below we affirm.

## FACTUAL SUMMARY

Stevens is currently serving time on two convictions. In 1983 he was convicted in the Superior Court of the District of Columbia of robbery and second-degree murder while armed. He was sentenced to consecutive terms of six to eighteen years for the murder conviction and two to six years for armed robbery. In 1987 he was tried and convicted in the United States District Court for the Eastern District of Virginia for intent to murder while armed, based on an incident that took place at the Lorton Correctional Complex, where he was serving time on his first conviction. He was sentenced to an additional consecutive term of fifteen years. Hence, he is serving an aggregated, "mixed" District of Columbia and federal sentence of eight to thirty-nine years.

After his conviction in the federal court, Stevens was transferred from Lorton to a federal prison. While there, the United States Parole Commission held a parole hearing based on the District of Columbia parole regulations. He was denied parole in February 1993, and his next parole hearing was scheduled for five years later. In short, he was given a five-year "setoff." Eventually he was returned to Lorton to serve out his aggregated, mixed sentence.

On August 6, 1993, Stevens filed a petition for a writ of habeas corpus, under D.C.Code § 16–1901 (1989 Repl.), in the trial court. First he alleged that the five-year setoff violated parole regulations promulgated by the

District of Columbia. *See* 28 DCMR §§ 100 *et seq.* He maintained that he was "entitled to a re-hearing within three to six months" and that the Parole [Commission] "deprived [him] of a protected 'liberty interest' that arises from" the parole regulations. Second, he contended that he is "entitled" to educational good time credits under District law for educational programs he completed in the federal prison; and that the Department of Corrections "[deprived him] of a protected liberty interest that arises from the District of Columbia Good Time Credits Act of 1987."[1] The District of Columbia filed a response requesting dismissal of Stevens' petition on the ground that his claims concerned the United States Parole Commission, rather than the District of Columbia Board of Parole and, hence, his petition should have been filed in federal court.

The trial court denied the petition in an order filed on December 22, 1993. The trial judge concluded that "[t]he petition addresses actions by the U.S. Parole Board, and should be directed to federal court under [D.C.Code] § 16–1901(b)." Stevens noticed an appeal on January 13, 1994. On appeal, he contends that the trial court committed error in concluding that his petition properly belonged in the federal court because he was challenging a decision by the United States Parole Commission. He insists that his petition was properly filed in the Superior Court. Stevens also argues that his petition focuses on the allegation that "the U.S. Parole Commission failed to properly follow D.C. parole guidelines in reviewing his parole status," as

required by *Cosgrove v. Thornburgh,* 703 F.Supp. 995 (D.D.C.1988). In addition, he claims "a liberty interest in the expectation of parole," [2] and asserts that he was denied proper educational good time credits.[3]

## ANALYSIS

### I.

Appellant contends the trial court erred in concluding that it lacked jurisdiction to hear this case. The trial court ruled, pursuant to *Crum v. United States Parole Comm'n,* 814 F.Supp. 1 (D.D.C.1993), that jurisdiction lies in the federal district court. In *Crum,* the appellant argued that "because he is incarcerated in a D.C. prison and is a parolee from a D.C.Code violation, he should not be in the custody of the United States Parole Commission." [4] The court in *Crum* concluded:

> This Court finds that the United States Parole Commission is the sole place to review Mr. Crum's petition. A parolee, such as Mr. Crum, who was incarcerated in a Federal penal facility, and who has violated terms of parole should have his petition reviewed by the same group which originally granted his parole. The simple fact is the U.S. Parole Commission alone possesses all the relevant information about Petitioner's case and is the appropriate agency to exercise jurisdiction over Petitioner.

*Id.* at 3.

Here, unlike the appellant in *Crum,* Stevens is now serving an aggregated, mixed

---

1. Stevens apparently referred to the District of Columbia Good Time Credits Act of 1986, D.C.Code §§ 24–428 through 24–434 (1987). D.C.Code § 24–428, which concerned institutional good time was repealed on August 20, 1994. *See* D.C.Law 10–151, 41 DCR 2608, 2616 (1994). D.C.Code § 24–429, which pertains to educational good time, remains in effect.

2. For this argument he relies on *Verrett v. Stempson,* 623 A.2d 120 (D.C.1993). Since this opinion was later vacated as moot, *see Verrett v. Stempson,* 643 A.2d 902 (D.C.1993), it has no precedential value.

3. In the argument set forth in his brief, Stevens states, "In this case, Appellant is basing his peti-

tion for writ of habeas corpus ... on the denial of good time credits...." However, in his statement of the case Stevens asserts, "the D.C. Parole board improperly denied him educational good time credits." Hence, we conclude that Stevens is focusing only on educational good time credits, rather than both institutional and educational good time credits.

4. Crum had been confined in the Leavenworth Penitentiary until his release on parole in late 1991. In early 1992, his parole was revoked due to his arrest for burglary in Maryland. Later, he was also charged with burglary in the District of Columbia. He was incarcerated at the Lorton Correctional Complex.

federal and District sentence in the Lorton Correctional Complex for District and federal code violations. Such a sentence has been described as "a single aggregate sentence." *Chatman–Bey v. Meese,* 254 U.S.App. D.C. 320, 327, 797 F.2d 987, 994 (1986). *See also Moss v. Clark,* 886 F.2d 686, 692 (4th Cir. 1989). Moreover, although the U.S. Parole Commission conducted Stevens' parole hearing, it denied him parole and imposed a five-year setoff based on District parole regulations.

■ The answer to the jurisdictional issue raised by the trial court's ruling is a very complicated one which may turn on whether District officials are acting in their own behalf in exercising authority over Stevens, or on behalf of the federal government. *See Jones v. Jackson,* 416 A.2d 249, 251 (D.C. 1980). Because the jurisdictional issue is complicated and not easily determined, and because the merits of the underlying claim can be easily resolved against Stevens, we do not need to consider the jurisdictional issue. "[W]hen the merits of a case are clearly against the party seeking to invoke the court's jurisdiction, the jurisdictional question is especially difficult and far-reaching, ... we may rule on the merits without reaching" the jurisdictional question. *Adams v. Vance,* 187 U.S.App. D.C. 41, 45 n. 7, 570 F.2d 950, 954 n. 7 (1978). In *Adams,* the court declined to resolve an issue involving its jurisdiction under Article III of the Constitution. Similarly, in *Norton v. Mathews,* 427 U.S. 524, 532, 96 S.Ct. 2771, 2775–76, 49 L.Ed.2d 672 (1976), the Supreme Court avoided jurisdictional issues presented on the ground that "[i]n the past, we ... have reserved difficult questions of our jurisdiction when the case alternatively could be resolved on the merits...." *Id.* at 532, 96 S.Ct. at 2775. The jurisdictional question involved in *Norton* was whether a three judge court was properly convened when there was a demand for injunctive relief. The Supreme Court's appellate jurisdiction could have been affected by the resolution of the issue. *Id.* at 528–

29, 96 S.Ct. at 2773–74. Here we see no need to address the difficult issue of federal or District of Columbia jurisdiction over a petition filed by an inmate of Lorton who is serving an aggregated, mixed federal and District sentence, because Stevens clearly cannot prevail on the merits of his petition.

■ Second, we have previously ruled that we may affirm a decision of the trial court on grounds not raised or considered by that court. This is particularly true where we are faced with legal issues, as we are in this case. *See Sebastian v. District of Columbia,* 636 A.2d 958, 959–60 n. 2 (D.C.1994), and *Sheetz v. District of Columbia,* 629 A.2d 515, 519 n. 5 (D.C.1993). Accordingly, the trial court's jurisdictional decision does not preclude our decision on the merits of the legal issues raised by Stevens' petition.

## II.

■ It is clear that Stevens cannot prevail on the merits of his petition. Our standard of review is governed by *Bennett v. Ridley,* 633 A.2d 824, 826 (D.C.1993):

> On a petition for a writ of habeas corpus, this court does not review the merits of the [D.C. Parole] Board's decision, but only whether the petitioner has been deprived of his legal rights by the manner in which the revocation hearing was· conducted, in order to determine whether there has been an abuse of discretion.

We hold that the same standard applies to our review of a parole decision made by the United States Parole Commission under the District's parole regulations. Furthermore, we conclude that the United States Parole Commission properly applied and followed the District's parole regulations in reaching its February 1993 decision denying parole to Stevens. He was not deprived of any legal rights to which he was entitled.

■ In *Brown–Bey v. Hyman,* 649 A.2d 8, 10 (D.C.1994), we construed 28 DCMR § 104.2 and determined that the Board had discretion to establish setoff dates. This is clear not only because the word "ordinarily" modifies and conditions the word "shall" in

§ 104.2,[5] but also because 28 DCMR § 104.11 provides that "[n]otwithstanding any other provision of this section, the Board may order a parole reconsideration date it determines to be appropriate." 35 DCR 455, 456 (1988). Hence, the United States Parole Commission properly interpreted §§ 104.2 and 104.11 and did not abuse its discretion in imposing a five-year parole reconsideration setoff against Stevens.

 Stevens' claim of a protected liberty interest has no merit since, as shown above, the District's parole regulations do not mandate reconsideration of a parole denial within one year of that decision. *See White v. Hyman*, 647 A.2d 1175, 1180–81 (D.C. 1994),[6] and *Jones v. Braxton*, 647 A.2d 1116 (D.C.1994). Moreover, given the fact that Stevens has been serving an aggregated, mixed sentence of eight to thirty-nine years since 1987, clearly he has not been deprived of any legal right to liberty.

▪ Finally, Stevens maintains that he was entitled to educational good time credits while he was in the federal prison. *See* D.C.Code § 24–429(a) (1989 Repl.).[7] Because there is no allegation in his petition, or elsewhere in the record on appeal indicating that he raised the educational good time credits' issue before the Department of Corrections, Stevens has not exhausted his administrative remedies. Hence, we cannot consider this issue. *See Murray v. Stempson*, 633 A.2d 48, 50 (D.C.1993).

5.   28 DCMR § 104.2 states:

> When the Board denies parole and orders reconsideration for a person serving a maximum sentence of five (5) years or more, reconsideration shall ordinarily occur within twelve (12) months.
> 35 DCR 455 (1988).

6.   In *White* we said:

> Because the [parole] statute and Regulation vest in the Board substantial discretion in granting or denying parole and in setting a reconsideration date following an initial denial of parole, they lack the mandatory character which the Supreme Court has found essential to a claim that a regime of parole gives rise to a liberty interest.

For the foregoing reasons, we affirm the judgment of the trial court denying Stevens' petition for writ of habeas corpus.

*Affirmed.*

647 A.2d at 1180. During oral argument, Stevens' counsel conceded that *White* permits the five-year setoff imposed by the Federal Parole Commission.

7.   D.C.Code § 24–429(a) states:

> (a) Every person whose conduct complies with institutional rules and who demonstrates a desire for self-improvement by successfully completing an academic or vocational program, including special education and Graduate Equivalency Diploma programs, shall earn educational good time credits of no less than 3 days a month and not more than 5 days a month. These credits shall not be awarded until completion of the academic or vocational program.